IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID RABOIN**, | Case No. 3:23-cv-1230-SI |
| Plaintiff, | **OPINION AND ORDER ON MOTION TO AMEND** |
| v. | |
| **WORKDAY, INC.**, | |
| Defendant. | |

Dana L. Sullivan, Courtney Angeli, and Emerson Lenon, Buchanan Angeli Sullivan & Ferrer llp, 621 SW Morrison St., Suite 1250, Portland, OR 97205. Of Attorneys for Plaintiff.

Darin Sands, Bradley Bernstein Sands llp, 1211 NW Glisan Street, Suite 204, Portland OR 97209; and Paul S. Cowie, John Ellis, Gal Gressel, and Babak Yousefzadeh, Sheppard, Mullin, Richter & Hampton llp, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff David Raboin ("Raboin") is a former employee of Defendant Workday, Inc. ("Workday"). In his single-claim First Amended Complaint ("FAC"), ECF 53, Raboin alleges that Workday unlawfully terminated his employment in violation of one of Oregon's whistleblower retaliation laws, Oregon Revised Statute ("ORS") 659A.199. ECF 53. Pending before the Court is Raboin's motion for leave to file a proposed Second Amended Complaint ("SAC"). ECF 115. Workday opposes Raboin's motion. ECF 126. For the reasons explained

PAGE 1 – OPINION AND ORDER

below, the Court grants Raboin's motion for leave to amend.[1]

## STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

"Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Generally, however, "[a]bsent prejudice, or a strong showing of any of the remaining [four] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (alterations added, emphasis in original). When weighing the factors, all inferences should be made in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

---

[1] Neither party requested oral argument.

**DISCUSSION**

In July 2025, the parties jointly filed a stipulated proposed case management schedule, ECF 60, which the Court adopted, ECF 61. Because the parties did not include any deadline for amending pleadings, the "good cause" standard in Rule 16(b)(4) of the Federal Rules of Civil Procedure does not apply to Raboin's pending motion to amend.[2] In addition, the Court finds no undue delay, bad faith, or dilatory motive on the part of Raboin. The Court also does not find futility. Thus, the Court focuses on whether any of the four proposed changes to the First Amended Complaint will cause undue prejudice to Workday.

A jury trial in this case is set to begin on March 9, 2026. As part of his final preparation for trial, Raboin seeks to amend his First Amended Complaint in four respects. Although Raboin's motion appears to the Court to be unnecessary, for the reasons explained below it also does not appear to cause any undue prejudice to Workday, notwithstanding Workday's arguments to the contrary. The Court will discuss Raboin's first two proposed amendments separately followed by Raboin's final two proposed amendments together.

**A. Number of Post-Termination Interviews**

Raboin contends that Workday wrongfully terminated his employment effective April 3, 2023. FAC ¶ 36. In his FAC, filed on February 6, 2025, Raboin alleges that "[h]e remains unemployed despite diligent efforts to find other work" and that "[h]e has received only two interviews to date." *Id.* ¶ 42. In his proposed SAC, Raboin seeks to amend "two" to "five," reflecting that he has had three additional unsuccessful interviews (for a total of five) since he

---

[2] The parties filed an earlier proposed case management schedule on January 18, 2024, which also did not contain any deadline for the amendment of pleadings. ECF 29. In addition, on February 5, 2025, the parties filed a joint stipulation allowing Plaintiff to file his First Amended Complaint, and that stipulation did not contain any proposed deadline for any further amendments or recite that none would be allowed absent good cause. ECF 51.

filed his FAC. ECF 116 ¶ 42. Workday does not argue that this proposed amendment would cause any undue prejudice. It will be allowed. Further, if Workday wants to reopen Raboin's deposition specifically to ask about these three additional unsuccessful interviews, Workday may do so.

**B. Economic Damages**

In his FAC, Raboin alleged economic damages through the date of trial in the amount of $625,663.75 and the present value of lost future pay in the amount of $1,942,353.00. FAC ¶ 43. After receiving updated figures from his retained economic damages expert, whose report was timely provided to Workday, Raboin seeks to amend these numbers by *lowering them* to $614,094.65 and $1,440,547.59, respectively. ECF 116 ¶ 43. Workday does not argue that this proposed amendment would cause any undue prejudice. It will be allowed.

**C. Non-Economic and Punitive Damages**

In his FAC, Raboin alleged that he has suffered and will continue to suffer *non-economic* damages. Specifically, he stated:

> As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, mental stress, severe emotional distress, humiliation, inconvenience, loss of enjoyment of life, damage to his professional reputation, and interference with his normal and usual activities, for which he is entitled to recover *in an amount found to be appropriate by a jury based on the evidence presented at trial.* Solely for the purposes of ORCP 18B and FRCP 8(a)(3), *Plaintiff estimates and alleges such damages* for discrimination and retaliation by defendant Workday, *in the amount of $450,000*. Plaintiff further seeks pre- and post-judgment interest on all damages awarded, and compensation to offset the tax implications of receiving a lump sum payment rather than wages over an extended period.

FAC ¶ 44 (emphasis added). Raboin now seeks to amend this paragraph to delete any reference to any specific number for his "estimated" non-economic damages but leave in his statement that

PAGE 4 – OPINION AND ORDER

he is entitled to recover non-economic damages in "an amount found to be appropriate by a jury based on the evidence presented at trial." ECF 116 ¶ 44.

Similarly, in his FAC, Raboin alleged that he is entitled to recover *punitive* damages in the amount of $450,000. Specifically, he stated:

> Defendant Workday's actions as alleged herein were malicious, intentional, willful and taken in reckless disregard of Mr. Raboin's statutory rights. Such conduct exceeds the bounds of social toleration and demonstrates a reckless and conscious indifference to a highly unreasonable risk of harm and is of the type that punitive damages are intended to deter. *Therefore, Plaintiff seeks an award of punitive damages pursuant to ORS 659A.885(3)(a) in the amount of $450,000.*

FAC ¶ 53 (emphasis added). Raboin now seeks to delete the sentence italicized above and replace it with: "Punitive damages should be assessed against defendant in an amount to be determined by the jury based upon the evidence at trial." ECF 116 ¶ 53.

Workday argues that "Plaintiff's last-minute effort to strike the *caps* on punitive and emotional distress damages—after discovery is closed, dispositive motions are fully briefed, and the case is at the threshold of trial—is profoundly prejudicial and should be denied." ECF 126 at 17 (internal page 12) (emphasis added). Throughout Workday's opposition, Workday frequently uses the words "cap" and "capped" to refer to Raboin's statements in his FAC regarding non-economic and punitive damages.

Regarding Raboin's request for non-economic damages, Workday ignores the fact that Raboin requested non-economic damages "in an amount found to be appropriate by a jury based on the evidence presented at trial" and expressly stated that the $450,000 figure was only an "estimate." FAC ¶ 43. But Workday makes a more fundamental error. As noted, Workday repeatedly refers to the $450,000 figures pleaded by Raboin as "caps," but Workday offers no legal authority for the proposition that *in federal court*, as opposed to some state courts, the

PAGE 5 – OPINION AND ORDER

pleadings "cap" the damages. To the contrary, in federal court they do not. Rule 54(c) of the Federal Rules of Civil Procedure, titled "Demand for Judgment; Relief to be Granted," states:

> A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. *Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings*.

Fed. R. Civ. P. 54(c) (emphasis added). Thus, in federal court, an amount expressly sought in the pleadings provides a "cap" only regarding a *default judgment*, which is not at issue here. For "[e]very other final judgment," a court should "grant the relief to which each party is entitled."

Although the Ninth Circuit has not expressly spoken on this question, other U.S. Circuit Courts of Appeal have, and they are all in agreement. The Seventh Circuit has explained:

> There is substantial authority for the proposition that pursuant to Rule 54(c) a claimant may be awarded damages in excess of those demanded in his pleadings. 3 Barron & Holtzoff, *Federal Practice and Procedure* § 1194, at 38 (Wright ed. 1958); *Stewart v. Banks*, 397 F.2d 798 (5th Cir.), *cert. denied sub nom.*, *Sims v. Banks*, 393 U.S. 801, 89 S.Ct. 41, 21 L.Ed.2d 85 (1968); *Troutman v. Modlin*, 353 F.2d 382, 384-385 (8th Cir. 1965); and *Riggs, Ferris & Geer v. Lillibridge*, *supra*, 316 F.2d [60,] at 62-63 [(2d Cir. 1963)].

*Bail v. Cunningham Bros.*, 452 F.2d 182, 188 (7th Cir. 1971). Further, the Eighth Circuit has similarly stated:

> [Defendant] Fontbonne also attempts to characterize the plaintiff's prayer for relief as an admission binding against her. We find no merit in this contention. Rule 54(c) of the Federal Rules of Civil Procedure states that all judgments, except those by default, "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *In accordance with this rule, it is not uncommon for an award to be greater than that requested in the prayer for relief*; the complaint is subsequently amended.

*Stineman v. Fontbonne Coll.*, 664 F.2d 1082, 1088 (8th Cir. 1981) (emphasis added). This point also is made clear in the leading treatise of *Wright & Miller*:

PAGE 6 – OPINION AND ORDER

> Rule 54(c) has been utilized in a variety of contexts. Perhaps the best way to appreciate its liberal application is to list some of them. The most common usage is when the amount of the award varies from the demand for relief. *The courts may award damages in excess of those the claimant asked for in the pleadings*, or less than what was demanded.

10 FED. PRAC. & PROC. CIV. § 2664 (4th ed.) (emphasis added) (footnotes omitted). Thus, Workday is incorrect when it refers to Raboin's FAC as providing a "cap" on his damages.

Nevertheless, Workday may still argue that the Court should not permit Raboin's proposed amendment even under the liberal standards of Rule 15 because it would cause Workday "undue prejudice." *Zucco Partners*, 552 F.3d at 1007. Workday's error, however, undermines its assertions of "undue" prejudice. Any prejudice caused by Workday's incorrect assumption that a prayer contained in a federal complaint is a "cap" on recoverable damages would not be "undue" because the prejudice was not caused by Raboin.

Finally, Workday argues that Raboin's proposed amendment regarding emotional distress damages "is futile because his alleged emotional distress stems from the litigation itself, not from Workday's underlying conduct. Oregon law is clear that damages for emotional distress attributable to the ordinary pressures, anxieties, or frustration of litigation are not recoverable." ECF 126 at 21 (internal page 16). In support, Workday cites several cases, including *Sch. Dist. No. 1, Multnomah Cnty. v. Nilsen*, 271 Or. 461, 485 (1975); *Harris v. Safeco Ins. Co. of Ill.*, No. 3:22-cv-1346-SI, 2025 WL 1221015, at *5 (D. Or. Apr. 28, 2025); and *Strugari v. Sagamore Ins. Co.*, No. 3:20-cv--00956-SB, 2022 WL 18865103, at *2 (D. Or. Nov. 10, 2022). Workday may very well be correct on this point, but the Court will not make any final ruling until Raboin has been given an opportunity to be heard. This issue also does not affect the pending motion to amend. As in *Strugari*, this issue can be appropriately and timely addressed when Workday files its motions in limine, its requested jury instructions, and its objections to Raboin's proposed

evidence, which are not due until January 27, 2026. Indeed, it is unclear what, if any, additional work needs to be done by Workday on this point other than to file a motion in limine, a proposed jury instruction, and objections to Raboin's evidence, all based on the three cases that Workday has already cited.

Finally, Workday requests that, if the Court were to allow the requested amendments, "the trial date [be] continued to allow for its responsive pleading, discovery, and any subsequent challenges, through summary judgment or otherwise." ECF 126 at 23 (internal page 18). The Court denies Workday's request to continue the trial date. There is no need for any further responsive pleading, although Workday may file one if it wants to do so. Regarding discovery, the Court, as noted above, will allow Workday to reopen Raboin's deposition to inquire about his three new unsuccessful interviews since he filed his FAC, and there are no grounds for any additional discovery because Raboin is not seeking to lift any damage "cap," as previously explained. Also, there is no need for any further motions for summary judgment. The issue that Workday raises regarding the unavailability of emotional distress damages caused by the litigation itself can be fully resolved at the pretrial conference, which the Court has scheduled to take place on February 17, 2026, almost three weeks before trial.

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Leave to File Second Amended Complaint, ECF 115. Plaintiff shall promptly file that pleading. Defendant may then file a responsive pleading or simply rely on its response to the First Amended Complaint, at Defendant's election.

**IT IS SO ORDERED**.

DATED this 20th day of January, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 8 – OPINION AND ORDER